## STATE v. STARVOS

No. 4461. Decided Nov. 4, 1926. Rehearing Denied Feb. 11, 1927.
(253 P. 204).

182

*F. W. James,* of Salt Lake City, for appellant.

*Harvey H. Cluff,* Atty. Gen., and *L. A. Miner,* Asst. Atty. Gen., for the State.

STRAUP, J.

The defendant in March, 1926, was convicted of being a persistent violator, of having intoxicating liquor in his possession, contrary to sections 3343 and 3345, Comp. Laws Utah 1917, and appeals. He conducted a pool hall and soft drink parlor at Bingham. The conviction rests mainly upon testimony that while the officers were raiding his place of business he took a pint bottle half full of moonshine whisky from behind the counter and threw it outside in the snow, and that in throwing it he tried to break the bottle. The bottle was seized by the officers and the defendant arrested. At the same time, the officers, in a room or closet adjoining the hall, also found and seized a gallon bottle half full of moonshine whisky. These bottles were, with their contents, produced at the trial by the state and identified by the officers as having been seized on the night of the raid. The state offered both bottles in evidence. Upon separate objections being made to each, the state withdrew its offer as to the gallon bottle and had admitted only the pint bottle with its contents.

No question is made as to insufficiency of evidence to sustain the conviction. There is no question but that the evidence on behalf of the state showed that the pint bottle was found in defendant's possession. Upon objections being made to the admission in evidence of the gallon bottle, there evidently was some question in the mind of the prosecutor as to whether there was sufficient evidence to show that that bottle with its contents was found in the possession of the defendant, and therefore withdrew that offer. Since it was withdrawn, and since defendant claims no sufficient evidence was adduced to connect him

with that bottle, he now claims misconduct on the part of the prosecutor in producing the gallon bottle and identifying and displaying it to the jury. We see no misconduct in the matter. While there was no direct evidence that the room or closet in which the gallon bottle was found was occupied or possessed by the defendant, yet on the record there is some evidence to justify an inference that the defendant had some control or dominion over the room or closet, or in some manner used it in connection with the pool hall. However, though the state was unable to sufficiently connect that bottle with the defendant, or to show that it was in his possession or control, still there is not anything to show that the prosecutor acted in bad faith in attempting to connect the defendant with it. True the defendant makes the claim that the prosecutor, with knowledge that the gallon bottle was not in the possession of the defendant and that the room or closet in which it was found was not occupied or possessed by him, in bad faith displayed the bottle before the jury to prejudice the defendant, but we do not find anything in the record to support the claim or contention.

The defendant on his own behalf testified that he had no bottle of whisky or other liquor behind the counter or otherwise in his possession and threw none away. On cross-examination he was asked if on the day in question he had not sold whisky over the bar. He answered that he had not. It is claimed that the asking of such question was improper although the defendant answered it in the negative—that is, that mere asking of the question was misconduct. There is nothing to that.

To prove the prior conviction of the defendant the State put in evidence the record of a justice of the peace showing that a complaint was filed before the justice charging the defendant with the crime of having possession of intoxicating liquor, to which he pleaded guilty, and on September 10, 1925, was sentenced to pay a fine of $100, which was paid. Complaint is made that only the judgment and not the complaint or other record of the

justice was admissible. There is not anything to that contention.

The defendant offered to show that he was a foreigner and unable to speak the English language or read, that the complaint filed against him in the first case was not read to him, and that he did not know its contents and did not know that the complaint as filed charged him with having intoxicating liquors in his possession, but thought that in such proceedings he was charged with having a revolver in his possession, and that he was told that the "matter could be fixed up" by paying $100, which he paid. The court, on objections by the state, excluded the offer. Complaint is made of that ruling. No error was committed in such respect. That the justice had jurisdiction of the offense charged and of the defendant there can be no doubt. No jurisdictional matter or fatal defect, not even any irregularity or curable defect, appears on the face of the justice's record, and thus was not open to such collateral attack as was attempted. No authorities need be cited to sustain such a well-settled rule.

The court charged the jury that the records of the justice as put in evidence "showed that on or about September 10, 1925, the defendant was found guilty of having intoxicating liquor in his possession, so that you may take as prima facie evidence that fact in this case." Complaint is made of that charge. No exception was taken to it. It is not of such controlling importance as to justify us to review it without an exception. And on the record there is no conflict in the evidence but that the defendant by a court of competent jurisdiction was charged with, convicted, and sentenced on the prior offense.

The judgment should be affirmed. Such is the order.

GIDEON, C. J. and THURMAN, FRICK, and CHERRY, JJ., concur.